IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **MELISSA ANDREA PADILLA ,**<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>　　　　　　Respondent. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No.  2:08CV40 DAK |

　　　　This matter is before the court on Melissa Padilla's ("Petitioner") pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  On April 13, 2006, Petitioner appeared via a writ from the state prison for her initial appearance.  She was detained pending trial and elected to return to state custody, executing a waiver of rights under the Interstate Agreement on Detainers.[1]  On April 24, 2006, she filed a Motion for Review of Detention, requesting to revoke the waiver and be remanded to custody fo the United States Marshals Service pending resolution of her federal case.[2]  On April 26, 2006, the court granted the motion.  On June 29, 2006, Petitioner pleaded guilty to Counts 2 and 4 (Bank Fraud and Aggravated Identity Theft).   The United States agreed to dismiss three additional counts.

　　　　On September 25, 2006, Petitioner was sentenced to twenty-four months for Count 2 and twenty-four months for Count 4, to run consecutively for a total of 48 months.  On January 14, 2008, Petitioner filed the instant motion under Section 2255, arguing that she should have

---

　　[1] *See* docket ## 6-8.

　　[2] *See* docket # 17.

received credit for time served since her arrest in June 2005.  On February 19, 2008, she filed a more expansive § 2255 Petition, adding additional grounds for the petition.

In her Petition, she asserts four grounds for vacating or reducing her sentence.  First, she contends that she should have received credit for time served from her June 2005 arrest. Second, she argues that pursuant to *Gall*, the court improperly imposed a mandatory consecutive sentence.  Third, she argues that there was improper "disparity of sentencing" because another judge in the District of Utah did not apply the mandatory two-year consecutive sentence in an allegedly similar case (*United States v. Frehrer*).  Fourth, she contends that her counsel was ineffective because she did not object to the imposition of a "mandatory sentence enhancement," inadequately represented petitioner's liberty interests, and caused delay in filing this motion. Accordingly, Petitioner seeks "complete credit for entire time served (June 2005 - November 2006) and seeks reconsideration of her consecutive sentences.

Ms. Padilla's § 2255 petitioner is denied on a variety of grounds.  First, in her Statement in Advance of Plea, Ms. Padilla acknowledged that "in light of concessions and/or commitments made by the United States in this plea agreement . . . I knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255."

Although Ms. Padilla had agreed to waive her right to file a Section 2255 Petition, she has filed one nonetheless.  In the Tenth Circuit, however, a defendant will be held to the terms of a lawful plea agreement.  *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir.1998).  The Tenth Circuit has held such waivers valid and enforceable with regard to collateral attacks.

*United States v. Elliott*, 264 F.3d 1171 (10th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001) ("[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made.").  The record indicates that Petitioner did knowingly and voluntarily sign and agree to the terms of the Plea Statement, and she is therefore bound to the terms agreed upon.

  Moreover, her § 2255 petition is time-barred.  A one-year statute of limitation applies to motions brought under § 2255.  "The limitation period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255.

  Petitioner's conviction became final and the one year statute of limitations began to run when the possibility of direct review ended--when she did not take a direct appeal within ten days of the entry of the judgment and sentence.  *See United States v. Burch*, 202 F.3d 1274, 1278 (10th Cir.2000).  Petitioner did not file a Notice of Appeal, and therefore, her conviction became final on or around October 6, 2006.  Consequently, she had one year from October 6, 2006 to file

a § 2255 Petition. Because she did not file her Petition until January 28, 2008, it is time-barred. There is no reason presented to warrant equitable tolling of the limitations period.

Although the Petition must be denied based on its untimeliness and the fact that Petitioner waived her right to file such a Petition, it would be denied for substantive reasons as well. Petitioner is incorrect that she should receive credit starting with her arrest (for a state charge) in June 2005. Petitioner was not even federally indicted until April 5, 2008. She then elected to remain in state custody until April 26, 2006. The earliest point at which her federal sentence would begin would be on April 26, 2006, but she would still not be entitled to credit for time served starting on that date if the time was being credited to her state sentence. There is no indication in the docket that the court had recommended that she receive credit for time served in state custody. There is no showing that BOP has exceeded its authority in denying her credit for time served since her state arrest in June 2005, and indeed, it would be improper to do so.

Petitioner has also failed to demonstrate that her counsel was ineffective. To do so, Petitioner must show: (1) her counsel's performance was constitutionally deficient, and (2) her counsel's deficient performance was prejudicial. *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings).

There is no support in the record for finding that her counsel was ineffective or that petitioner was prejudiced at any stage of the proceedings. Indeed, Petitioner had waived her right to appeal and to file a collateral attack, such as this one, so her claim that her counsel delayed her filing of this motion is meritless.

Petitioner's misapprehends the holdings of *Gall* and *Kimbrough*, and thus, her arguments based on those cases also lack merit. Petitioner's sentence was based on the mandatory minimum sentence required by law, compelling the court to sentence Petitioner on Count 4 to two years imprisonment, to run consecutively with any other sentence. The guideline range based on her offense level and criminal history was 27 to 33 months, with a mandatory additional two years added to the term of imprisonment. There is nothing unconstitutional or improper about the court's imposition of a 24-month sentence (below the guideline range), along with a mandatory minimum two-year consecutive sentence, which was required under the laws of the United States.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that Ms. Padilla's Section 2255 Petition is DENIED, and this case is now closed.

DATED this 21st day of July, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge